# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FKF MADISON PARK GROUP OWNER, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11867 (KG)<br><br>Jointly Administered |
| INTERTECH DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FKF MADISON PARK GROUP OWNER, LLC, SLAZER ENTERPRISES OWNER, LLC, JMJS 23RD STREET REALTY OWNER, LLC, and MADISON PARK GROUP OWNER, LLC,<br><br>Defendants. | Adv. Proc. No. 11-_____ |

## COMPLAINT FOR DECLARATORY RELIEF, REPLEVIN, SPECIFIC PERFORMANCE AND EQUITABLE LIEN

Intertech Development Corporation ("Intertech"), files this Complaint pursuant to Fed. R. Bank. P. 7001 for declaratory relief, replevin, specific performance and equitable lien and alleges as follows:

### I. JURISDICTION AND VENUE

1. This is an adversary proceeding commenced pursuant to Fed. R. Bank. Pro. 7001, *et seq.*

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. Venue in this District is proper under 28 U.S.C. §1408 and §1409(a).

4. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. THE PARTIES

5. Intertech is a Delaware corporation with its principal place of business at 1500 Broadway, 24th Floor, New York, New York.

6. Upon information and belief, Defendant FKF Owner is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 230 Congers Road, New City, New York 10956.

7. Upon information and belief, Defendant Slazer Owner is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 230 Congers Road, New City, New York 10956.

8. Upon information and belief, Defendant JMJS Owner is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 230 Congers Road, New City, New York 10956.

9. Upon information and belief, Defendant Madison Owner is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 230 Congers Road, New City, New York 10956.

10. Upon information and belief, Slazer Owner, Madison Owner, FKF Owner and JMJS Owner are co-owners, as tenants in common, of the Premises and the Unit (as hereinafter defined), in the following percentages:

| | |
|---|---|
| Defendant Slazer Owner | 78% undivided interest |
| Defendant Madison Owner | 12% undivided interest |
| Defendant FKF Owner | 6% undivided interest |
| Defendant JMJS Owner | 4% undivided interest |

WCSR 6997878v6

11. FKF Owner, Slazer Owner, Madison Owner and JMJS Owner are also the sponsors of One Madison Park Condominium, including the Premises and the Unit.

### III. COMMON ALLEGATIONS

A. **Contract of Sale**

12. Prior to the Petition Date, Intertech, on one hand, and FKF Madison Park Group Owner, LLC, for itself, and as agent for the fee owner of the property, Slazer Enterprises Owner, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group Owner LLC, and FKF Madison Group Owner LLC (collectively, the "Defendants"), on the other hand entered into that certain purchase agreement (the "Contract of Sale") for One Madison Park Condominium (the "Premises") Unit No. 30A (the "Unit"). The Contract of Sale is attached hereto as Exhibit A. Pursuant to the Contract of Sale, a $1,000,000 deposit was due upon Intertech's signing and submitting the Contract of Sale. Upon the signing of the Contract of Sale, Intertech deposited $500,000 (the "Deposit") into a segregated escrow account of Goldberg Weprin & Ustin LLP (the "Escrow Agent") with Bank of America.

13. The Deposit remained the property of Intertech until it was paid to the Defendants. The Deposit was never paid to the Defendants, and the preconditions required for such payment have not been satisfied.

14. The Deposit was to be retained in escrow until: (i) Defendants performed under the terms of the Contract of Sale; (ii) Intertech rescinded or defaulted in performance; (iii) release or discharge of Defendants' liability to refund such Deposit; (iv) transfer of title to the Unit to Intertech; or (v) withdrawal by mutual consent of Defendants and Intertech.

WCSR 6997878v6

15. Pursuant to the terms of a Contract of Sale and the Defendants' Offering Plan, the Unit was offered for sale as one of 167 Units (94 Residential Units, 1 Commercial Unit, 56 Storage Units and 16 Wine Cellar Units) offered for sale to the general public. The Defendants' Declaration of Condominium included in the Offering Plan specifically identifies the Storage Room Units and Wine Cellar Units as "Units" separate and apart from other units (*i.e.*, Residential Units and Commercial Units), and the Limited Common Elements and Common Elements.

16. Section 23.3(a) of the New York State attorney general regulations promulgated under N.Y. GEN. BUS. LAW, Art. 23-A, § 352 (the "Martin Act") governing newly constructed condominiums requires a sponsor to include on the cover page of an offering plan (a) "the number of units being offered" [emphasis added]' and (b) "The total amount of the offering, which shall be based on the aggregate price at which the units are initially offered."

17. In accordance with such regulations, the cover page of the Defendants' Offering Plan (a) specifically includes and reflects as part of the offering, "Ninety-Five (95) Residential Units* *Residential Manager's Unit not for sale, Fifty-Six (56) Storage Units, Sixteen (16) Wine Cellars, One (1) Commercial Unit" [which are noted elsewhere in the Defendants' Offering Plan as Wine Cellar Units], and (b) states $357,634,000 as the total amount of the offering in the Offering Plan which is the sum of the amounts reflected for the Residential Units, Storage Units, Wine Cellars, and one Commercial Unit.

18. On pages 39 and 40 of the Offering Plan (which is the end of "Schedule A – Offering Prices and Related Information"), the Storage Units and Wine Cellars are

4

listed under the column entitled "UNIT," and the square footage and offering prices for each of such units is also provided.

19. On page 22, the Offering Plan describes the residential limited common element as, "generally those Common Elements which serve or benefit exclusively the Residential Units, Storage Units or Wine Cellar Units, or the Residential, Storage or Wine Cellar Unit Owners."

20. The Defendants treated the Storage Units and Wine Cellar Units as separate units under the Offering Plan, and such separate units were offered for sale under the Offering Plan together with 94 Residential Units and 1 Commercial Unit.

21. Pursuant to the Interstate Land Sales Full Disclosure Act 15 U.S.C.A. §1703 ("ILSA") and the regulations issued (24 C.F.R. §1710.1) pursuant to ILSA a "lot" is defined as "any portion, piece, division, unit or undivided interested in land located in any State or foreign country, if the interest includes the right to exclusive use of a specific portion of the land."

22. Since the Condominium contained 100 lots, the Defendants as Sponsor was required to provide to Intertech the Property Report required by ILSA 15 U.S.C.A. §1703.

23. The Defendants failed and neglected to supply the required Property Report to Intertech as required. Therefore, Intertech is entitled to return of its downpayment (see ILSA §1703(c).)

24. ILSA §1703(c) states that in the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her

signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contract or agreement shall clearly provide this right.

25. As revocation of the contract of sale may be exercised at the option of purchaser or lessee where a required property report was not supplied, Intertech demands the return of its contract deposit.

26. In the alternative, the Defendants were and remain required to comply with the anti-fraud provisions of ILSA and return the Deposit to Intertech.

27. The Defendants failed, neglected and refused to make full disclosure and perpetrated a fraud on Intertech by:

> Misrepresenting square footage of the Unit.
>
> Misrepresenting the size of the Unit, which is significantly and materially smaller than the 2723 square feet, which is the square footage listed in Schedule A of the Offering Plan.
>
> Failing to include with the Offering Plan, among other things, a floor plan for each line or type of unit drawn to scale and the approximate total area of each unit as required under the Martin Act, and Section 20.5(z) of the New York State Attorney General Regulations for Newly Constructed, Vacant, or Non-Residential Condominiums requires.

28. By virtue of the foregoing, Intertech is entitled to return of the Deposit (plus interest) because it is not an asset of the Defendants' estate but property of Intertech that should be returned to it.

**B.  Debtors' Bankruptcy Cases**

29. On or about June 8, 2010, involuntary petitions for relief under Chapter 7 of the Bankruptcy Code were filed against certain of the Defendants (the "Debtor Defendants") by various creditors.

6

30. The Debtor Defendants filed motions to dismiss the petitions. Thereafter, additional creditors joined in the involuntary petitions.

31. On or about November 18, 2010, the petitioning creditors filed motions for the entry of orders for relief and for immediate conversion of the Chapter 7 cases to cases under chapter 11 of the Bankruptcy Code.

32. The Bankruptcy Court entered orders converting the Debtor Defendants' cases from Chapter 7 to Chapter 11 on or about November 19, 2010.

## COUNT I
## DECLARATORY RELIEF

33. The allegations set forth in paragraphs 1 through 32 are re-alleged as if fully set forth herein.

34. This is a claim for declaratory relief pursuant to Fed. R. Bank. Proc. 7001(9) and Fed. R. Civ. Proc. 57 to determine that the Deposit is not an asset of the Debtors' bankruptcy estates.

35. Intertech, as a customer of the Defendants who reasonably relied upon the Defendants' representations and placed with it a deposit of $500,000 for the purchase of the Unit.

36. The Defendants are not entitled to the Deposit because those funds are held in a constructive trust and as such are excluded from the Debtor Defendants' bankruptcy estates.[1]

37. The Defendants are further not entitled to Intertech's deposit funds because the Defendants failed to comply with the requirements of the Contract of Sale in

---

[1] McMakin v. Pine Bush Equip. Co., Inc., 242 B.R. 271 (D.N.J. 1999).

7
WCSR 6997878v6

that it failed to provide the Property Report and make full disclosure under ILSA as required under the Contract of Sale.

38. An actual controversy exists among Defendants and Intertech concerning the rights of the parties in the Deposit, for which the Bankruptcy Court may grant a declaratory judgment pursuant to 28 U.S.C. § 2201(a).

WHEREFORE, Intertech respectfully requests that this court enter an order declaring that its deposit funds of $500,000 are not part of the Debtor Defendants' estates and other such relief as this Court deems just.

### COUNT II
### DECLARATORY RELIEF

39. The allegations set forth in paragraphs 1 through 38 are re-alleged as if fully set forth herein.

40. This is a claim for declaratory relief pursuant to Fed. R. Bankr. Proc. 7001(9) and Fed. R. Civ. Proc. 57 to determine that the Contract of Sale is terminated without any liability or obligation on the part of Intertech.

41. As set forth above, Defendants have breached the Contract of Sale.

42. An actual controversy exists among Defendants and Intertech as to whether the Contract of Sale has been terminated and whether Intertech is excused from further performance under the Contract of Sale.

WHEREFORE, Intertech respectfully requests that this Court enter an order declaring that the Contract of Sale is terminated and Intertech has no further liability under the Contract of Sale.

## COUNT III
## SPECIFIC PERFORMANCE

43. The allegations of paragraphs 1 through 42 are re-alleged as if fully set forth herein.

44. This is an action for replevin of property in the possession of the Defendants.

45. The Defendants has current possession of property rightfully belonging to Intertech in the amount of the Deposit.

46. Intertech has made demand for the return of the Deposit, but such property has not been returned.

WHEREFORE, Intertech respectfully requests that this Court enter an order directing the Defendants to return to it the deposit funds in the amount of $500,000 and grant other relief this Court deems proper.

## COUNT IV
## REPLEVIN

47. The allegations set forth in paragraphs 1 through 46 are re-alleged as if fully set forth herein.

48. This is an action for replevin of property in the possession of the Defendants.

49. The Defendants have current possession of property rightfully belonging to Intertech in the amount of the Deposit.

50. Intertech has made demand for the return of the Deposit, but such property has not been returned.

WCSR 6997878v6

WHEREFORE, Intertech respectfully requests that this Court enter an order directing the Defendants to return to it the deposit funds in the amount of $500,000 and grant other relief as this Court deems proper.

## COUNT V
## EQUITABLE LIEN

51. The allegations set forth in paragraphs 1 through 50 are re-alleged as if fully set forth herein.

52. Intertech, based upon representations made by officers or agents of the Defendants, executed a purchase agreement under which the Defendants had the duly to convey the Unit.

53. Intertech, at the direction of the Defendants, was induced to place and did place with an escrow agent, $500,000 as a deposit for the Unit.

54. The Defendants have failed to perform under the Contract of Sale and have failed to return to Intertech the Deposit.

55. The Defendants are in possession of the funds deposited by Intertech or the Unit and as such has been unjustly enriched at the expense of Intertech.

WCSR 6997878v6

WHEREFORE, Intertech respectfully requests that this court enter an order finding that an equitable lien exists on the Unit built pursuant to the Contract of Sale or upon the funds in possession of the Defendants or for any other relief this Court deems proper.

Dated: November 3, 2011

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

_____
Francis A. Monaco, Jr. (No. 2078)
Michael G. Busenkell (No. 3933)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
fmonaco@wcsr.com
mbusenkell@wcsr.com
Tel.: (302) 252-4320
Fax: (302) 252-4330